FELDMAN–SWARRIS CO., Inc., v. OREFICE.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

1. CORPORATIONS ⬤⟿411—INDEBTEDNESS—PAYMENT TO PARTNER.

   Where plaintiff corporation, engaged in a tailoring business, made suits for defendant, who did not know that it was a corporation, his payment on account to one of those interested in the business, whom he supposed to be a partner, was a sufficient payment.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1650–1653; Dec. Dig. ⬤⟿411.]

2. PARTNERSHIP ⬤⟿143—INDEBTEDNESS TO PARTNERSHIP—PAYMENT.

   Payment of a personal debt of one partner cannot be set off against a debt due to the partnership.

   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 229–232, 233½; Dec. Dig. ⬤⟿143.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Feldman-Swarris Company, Incorporated, against Julius Cæsar Orefice. From a judgment in favor of defendant, after trial by a court without a jury, plaintiff appeals. Modified and affirmed on condition.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

L. E. Schlechter, of New York City, for appellant.
Alphonsus A. Brugnoli, of New York City, for respondent.

PER CURIAM.  [1] The plaintiff is a corporation engaged in the business of merchant tailoring. Its treasurer, Feldman, testified that it made and delivered two suits of clothes to defendant at the agreed price of $25 for each suit. He admitted that $20 had been paid on account. The defense was payment. The defendant testified that he was introduced to Feldman by one Swarris, a personal friend and brother lodge member; that he knew that Feldman and Swarris were partners in the tailoring business, but that he did not know that plaintiff was a corporation; that he paid Swarris $25 on one occasion, $20 on another, and at Swarris' request paid the latter's lodge dues of $6.25. In the absence of notice to defendant, or knowledge on his part that plaintiff was a corporation, payment to Swarris was sufficient.

[2] The judgment, however, involves a finding of payment in full; but, at best, the testimony only makes out a payment of $45, since the lodge dues were manifestly a personal debt of one partner, payment of which cannot be set off against a debt due the partnership. 30 Cyc. 502.

The judgment must therefore be reversed, and a new trial ordered, with $30 costs to the appellant to abide the event, unless the defendant will stipulate that judgment may be entered in plaintiff's favor for the sum of $5 and appropriate costs in the court below, in which event the judgment, so modified, will be affirmed, without costs of this appeal.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes